REQUESTED BY: Donald J. Mathes, State Investment Officer Nebraska Investment Council
ONE: "Can the Council retain counsel, auditors, financial advisors and private consultants?"
TWO: No. Approval of the Nebraska Investment Council is also required.
ONE: No. The Nebraska State Funds Investment Act is specific in setting forth the responsibilities of the Nebraska Investment Council and the State Investment Officer.
TWO: "Is the state investment officer, with the approval of the Governor, authorized without approval of the Council to retain counsel, auditors, financial advisors and private consultants?"
The first question relates to the authority of the Nebraska Investment Council and the State Investment Officer to retain counsel, auditors, financial advisors and private consultants. The responsibilities and authority of the Nebraska Investment Council and the State Investment Officer are provided for and governed by statute.
The primary responsibility of the Nebraska Investment Council is set out in Neb.Rev.Stat. § 72-1239 (Reissue 1986) which states, in part, that:
The purpose of the council shall be to formulate and establish such policies as it may deem necessary and proper which shall govern the methods, practices, and procedures followed by the state investment officer for the investment or reinvestment of state funds and funds described in section83-133 and the purchase, sale, or exchange of securities as provided by this act.
The responsibility of the State Investment Officer is provided for in Neb.Rev.Stat. § 72-1243 (Reissue 1986) which states:
Except as otherwise provided by this act, the state investment officer shall direct the investment and reinvestment of money in all state funds not currently needed and all funds described in section 83-133 and order the purchase, sale, or exchange of securities for such funds. (Emphasis added)
Further, the State Investment Officer is specifically authorized under Neb.Rev.Stat. § 72-1242 (Reissue 1986) to retain counsel, auditors, financial advisors, and private consultants with the approval of the Governor. Accordingly, it is our opinion, based on a review of these statutes, that the Investment Council may not directly retain investment managers, counsel, auditors, advisors or consultants.
The Investment Council, through a member of the Council, requests that this Office (Attorney General) consider that there may be a fundamental difference between an investment manager and financial consultants and advisors. The Council requests that the interpretation of this Office be made relative to the Governor's authority to approve or disapprove of contracts with "Investment Managers as well as, and differentiated from, Financial Advisors and Consultants."
While the terms investment manager, financial advisor, financial or investment consultant, and similar terms are generally interchangeable, we agree that the term manager would have a basic difference as to function as distinguished from the terms advisor or consultant. However, with respect to the investment of state funds, the State Investment Officer is for all practical purposes the investment manager based on the statutory responsibility of the Investment Officer to direct the investment of state funds. The legislative intent manifested in Neb.Rev.Stat. § § 72-1242 and 72-1243 clearly reflects that investment consultants, advisors or other investment staff, including managers, may be retained by the State Investment Officer with the approval of the Governor.
The second question relates to whether retention of consultants and other investment or financial professional services by the State Investment Officer requires the approval of the Investment Council as well as that of the Governor. it is our conclusion that the approval of the Investment Council is also required.
The Investment Council questions the prudence of extending the authority of the Investment Officer to hire and fire investment managers without the approval of the Investment Council. As a practical matter, this conclusion is generally correct. The State Investment Officer is appointed by the Council and it is the responsibility of the State Investment Officer to implement and follow the policy, procedures and methods established by the Investment Council for the investment and reinvestment of state funds. It would be incongruous that the State Investment Officer would seek to perform an act, implement a policy, or contract for financial or investment services without the approval of the Investment Council.
The Nebraska State Funds Investment Act, Neb.Rev.Stat. § 72-1237 et seq. provides for a system of investment of state funds which consists of checks and balances among the Investment Council, the State Investment Officer and the Governor. These State Officers need act in concert because of the differing authority and responsibilities of these officers prescribed by statute relating to the employment of consultants, advisors, and managers.
In summary, it is the opinion of this Office that the Nebraska Investment Council may not directly retain investment managers or contract for investment or financial services. Further, the State Investment Officer may retain investment or financial advisors and managers with the approval of the Governor and the Nebraska Investment Council.
Sincerely,
ROBERT M. SPIRE Attorney General
Fredrick F. Neid Assistant Attorney General